UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ROBINSON,

        Plaintiff,

v.

STATE OF MICHIGAN, et al.,

        Defendants.

Case No. 1:09-cv-564

Honorable Paul L. Maloney

**REPORT AND RECOMMENDATION**

This is a civil action by a *pro se* plaintiff. The lawsuit is the most recent of a series of lawsuits by plaintiff stemming from his long-running custody dispute with his ex-wife Sharon Foster over the custody of their minor children, J. M. Robinson and T. A. Robinson, and the criminal and other proceedings against plaintiff arising from his failure comply his with court-ordered child support obligations. The fifteen defendants plaintiff named in this complaint are as follows:

1.     Sharon Susan Foster;

2.     Rae Lea Troutner;

3.     State of Michigan;

4.     Governor Jennifer Granholm;

5.     Attorney Amy Welch, counsel for Sharon Foster;

6.     Ingham County Prosecuting Attorney Stuart Dunnings;

7.     Ingham County Circuit Court Deputy Administrator Shauna Dunnings;

8.     Ingham County Sheriff Gene L. Wriggelsworth;

9. Ingham County Deputy/Officer James Beson;

10. Maryland Secretary of State John P. McDonough;

11. Maryland State's Attorney Laura L. Martin;

12. Calvert County Maryland Sheriff Michael Evans;

13. Calvert County Maryland Assistant Director of Child Support Enforcement Sewan Crosby;

14. Calvert County Maryland County Clerk Kathy Smith; and

15. Delaware Department of Family Services Caseworker Raymond Foster.

All defendants other than plaintiff's ex-wives Sharon Foster and Rae Troutner are sued in their official capacities.

Plaintiff's complaint is far from a model of clarity. He alleges that Troutner somehow violated a 1995 court order in their divorce case. He argues that the Maryland court should not have accepted Sharon Foster's divorce complaint and awarded her custody of their children. (Compl. at 72-73). He alleges that his ex-wives violated federal criminal laws. (*Id.* at 6-22). Raymond Foster married plaintiff's ex-wife Sharon, and he is alleged to have improperly assisted Sharon Foster in retaining custody of her children (*Id.* at 79). Plaintiff seeks an award of $100,000,000.00 in damages and injunctive relief, including an order from this court, "Set[ting] aside all custody orders, child support arrearages, child support orders, pertaining to [J. M.] Robinson and [T. A.] Robinson, and order the return of said [m]inor [children J. M.] Robinson and [T. A.] Robinson to the custody of Plaintiff Michael Ray Robinson, father of said minor[s] . . . ." (*Id.* at 23, ¶ 7).

Plaintiff's complaint starts with a lengthy list, including the Whistleblower Protection Enhancement Act of 2009, proposed legislation which has not been enacted into law, followed by

citations to a variety of statutes, code sections and court rules. The majority of plaintiff's 83-page complaint consists of photocopied excerpts from criminal provisions of the United States Code (Compl. at 25-44), sections from Michigan Complied Laws (*Id.* at 44-69, 81-82), and excerpts from Michigan's court rules (*Id.* at 81). Almost all of the remainder of plaintiff's complaint is devoted to 43 repetitions of the following paragraph:

> That correspondence between the Defendants dated February 12, 2008; did in fact **quote**: **["] the pending charge is not appropriate"** before the 54-a District Court, and the 30th Judicial Circuit Court of the State of Michigan of case number J081230FY, that had resulted in improper felony charges, and improper arrest in the State of Maryland (Case 1:09-cv-405 and Case No. 1:09-cv-406 United States Court for the Western District of Michigan, Southern Division), and illegal extradition between the States of Michigan and Maryland.

Plaintiff's exhibits do not include the purported February 12, 2008 correspondence.[1]

      Plaintiff's complaint did not inform the court that this lawsuit was filed immediately after Judge Janet T. Neff had entered judgment in favor of the defendants in an earlier lawsuit against Sharon Foster, Troutner, the State of Michigan, and others. *See Foster v. State of Michigan, et al.*, 1:09-cv-133 (W.D. Mich.). On May 26, 2009, Judge Neff entered a judgment in favor of the defendants in case number 1:09-cv-133 because plaintiff had sued defendants who were entitled to immunity and because his complaint, as amended, failed to state a claim against defendants Troutner and Foster. Judge Neff further certified that under 28 U.S.C. § 1915(a)(3) there was no good-faith basis for an appeal. Plaintiff did not appeal Judge Neff's decision. On June 18, 2009, he filed this lawsuit. Plaintiff's present allegations against the Maryland and Delaware defendants (pages 70 through 79 of the complaint) were lifted wholesale from his unsuccessful first amended complaint

---

[1] On March 13, 2009, plaintiff filed a habeas corpus petition objecting to his confinement in the Ingham County Jail. *See Robinson v. State of Michigan, et al.*, 1:09-cv-231 (W.D. Mich.). On April 17, 2009, Chief Judge Paul L. Maloney entered a judgment dismissing plaintiff's application for federal habeas corpus relief.

case no. 1:09-cv-133. The only differences between the complaints are minor discrepancies in paragraph numbering attributable to duplicate paragraphs 14 and 15 in his current complaint (docket # 1 at 72) and his elimination of all the paragraph numbers under the subheading "RAYMOND FOSTER and SPOUSE, in their capacity as Caseworkers for the STATE OF DELAWARE." (*Id.* at 79).

On May 4, 2009, plaintiff filed his complaints in *Robinson v. Wrigglesworth, et al.*, 1:09-cv-405 (W.D. Mich.) and *Robinson v. Calvert County, Maryland, et al.*, 1:09-cv-406 (W.D. Mich.). His amended complaint in case number 1:09-cv-405 provides a similar list of statutes and legal conclusions. Sharon Foster, Troutner, Wrigglesworth, Granholm, Evans, Stuart Dunnings, Shauna Dunnings, Beson, McDonnough, Martin, Smith, Welch, Raymond Foster, and others are named as defendants. The claims raised in this case and in case no. 1:09-cv-405 are duplicative. Plaintiff's amended complaint in case no. 1:09-cv-405 has never been served. It is currently being screened by Judge Gordon J. Quist. It is unnecessary to discuss case number 1:09-cv-406 at length because there is little to distinguish it from plaintiff's other complaints. Plaintiff follows a consistent pattern of alleging only legal conclusions. Fourteen of the sixteen defendants named in paragraph III(B) of the second amended complaint 1:09-cv-406 are defendants here. His second amended complaint in case no. 1:09-cv-406 has not been served. It is being screened by Chief Judge Paul L. Maloney.

Plaintiff did not disclose that he was being held in custody when he filed his complaint,[2] and as a consequence, he was granted leave to proceed *in forma pauperis* (docket # 7)

---

[2]The Court takes judicial notice of its own records. *See Lynch v. Leis*, 382 F.3d 642, 648 n. 5 (6th Cir. 2004). Paragraph I(b)(1)(a) of plaintiff's second amended complaint in case no. 1:09-cv-406 expressly states that plaintiff filed that lawsuit (No. 1:09-cv-564) while he was "detained in a

rather than being assessed an initial filing fee under 28 U.S.C § 1915. This case is before the court for initial screening under 28 U.S.C. § 1915(e)(2). For the reasons set forth herein, I recommend that plaintiff's complaint be dismissed because it is frivolous, malicious, fails to state a claim, and seeks monetary relief against defendants who are immune from such relief. This lawsuit was filed for the purpose of harassing his ex-wives and punishing others involved in state-court proceedings. This court lacks jurisdiction over the child support and custody orders and other state court decisions that plaintiff is attempting to challenge. Alternatively, his complaint fails to state a claim on which relief can be granted.

I further recommend that plaintiff be required to show cause why dismissal of this complaint should not count as a "strike" under 28 U.S.C. § 1915(g) and why he should not immediately be charged the $350 filing fee. I further recommend that a temporary injunction be issued prohibiting plaintiff from filing any new lawsuits or amending any of his pending lawsuits[3] to add any of the fifteen defendants named herein as parties. The purpose of the injunction is to allow the court time to process the voluminous materials plaintiff has already filed for the purpose of ascertaining whether his history of litigation abuses restricts the types of claims he can bring under the "three strikes" provision of 28 U.S.C. § 1915(g), or warrants further sanctions.

---

prison or jail facility."

[3]Court records show that plaintiff has filed six lawsuits in the last five months, not including his unsuccessful habeas corpus petition. He did not name his ex-wives as defendants in two cases: *Robinson v. Wheeling & Lake Erie Ry. Co.*, 1:09-cv-143 (W.D. Mich.) and *Robinson v. Capital Area Transp. Auth., et al.*, 1:09-cv-536 (W.D. Mich.).

**Applicable Standard**

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see Chase Manhattan Mortgage Corp v. Smith*, 507 F.3d 910, 915 (6th Cir. 2007). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does require not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555. "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

Generally, in determining whether the complaint states a claim, the court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Claims survive only where the "factual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaints allegations are true." *Twombly*, 550 U.S. at 555.

The Supreme Court's recent decision in *Iqbal* emphasized that a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly*, 550 U.S.] at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557.

129 S. Ct. at 1949. Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2))(internal citations omitted).

### Allegations

Defendant Rae Troutner is a resident of Michigan. She allegedly violated a court order entered "around June 1995" in "Case No. 1995087502-DM, *Troutner vs. Robinson* of the 30th Circuit Court, Family Division, Ingham County, State of Michigan." (Compl., ¶ 16) Sharon Foster is a resident of Maryland. Plaintiff alleges that she violated the court order in the *Troutner* case. (*Id.* at p. 14). The exhibits plaintiff attached to his complaint regarding Sharon Foster include the following:

(1) A summons issuing on May 29, 2002, and expiring on August 28, 2002, in the "Ingham County Family Court" case of *Robinson v. Foster*;

(2) A March 19, 2003 notice from the Ingham County Circuit Court advising that the case of *Robinson v. Foster*, No. 03-143-PP-C30 had been reassigned from Judge Garcia to Judge Lawless;

(3) A June 23, 2002 letter from Attorney George Warren in Michigan to Attorney Elizabeth Cawood in Lexington Park, Maryland regarding the Ingham County Family Court case of *Robinson v. Robinson*;

(4) Various papers from *J & E Enterprise v. Sharon Susan Foster d/b/a RamCom*, No. 04-7273-GC (80th Dist. Ct., Clare County, Mich.) reflecting Sharon Foster's involvement in that civil case;

(5) June 3, 2001 and December 16, 2001 letters on "RamCom" letterhead;

(6) A May 9, 2002 Federal Motor Carrier Safety Driver's Vehicle Inspection Report and a fuel receipt of the same date;

(7) Sharon Foster's petition for protection from domestic violence and child abuse, *Foster v. Robinson*, 04-C-02-527 in the Maryland Circuit Court for Calvert County which plaintiff states was false and used to "illegally" acquire custody of J. M. Robinson;

(8) A June 29, 2005 Affidavit of Income that plaintiff filed in the Circuit Court for Calvert County, Maryland; and

(9) The August 17, 2005 report by Psychologist Sara Phillips reflecting the results of the "clinical/forensic assessment" in the disputed custody/visitation matter in *Foster v. Robinson*, Case No. C-02-00039, Calvert County Circuit Court.

The other exhibits plaintiff attached to his complaint are as follows:

- *State of Maryland v. Michael Robinson*, Case No. K-05-0110, Motion for Reconsideration of Sentence, indicating that on August 2, 2007, Michael Robinson was found in violation of his probation for failing to make child support payments and that "Honorable Warren Krug sentenced the Defendant, Michael Robinson to three (3) years Division of Corrections credit for time served since May 18, 2007";

- A 2007 Maryland Parole Commission Recommendation and Decision;

- A February 21, 2008 Felony Arrest Warrant from Michigan's 54-A District Court identifying Rae Troutner as the victim, indicating that plaintiff had not paid support for his child in the amount or at the time stated in an order entered by the 30th Circuit Court in file number 95-087502-DM, contrary to Mich. Comp. Laws §750.165;

- A January 23, 2008 letter from the Baltimore City Office of Child Support Enforcement responding to plaintiff's correspondence;

- A March 10, 2008 letter from the Ingham County Circuit Court (30th Circuit) responding to plaintiff's February 23, 2008 letter;

- A May 22, 2008 letter from the Ingham County Circuit Court responding to plaintiff's May 2, 2008 letter;

- The April 10, 2008 response by the Maryland Department of Public Safety and Correctional Services to plaintiff's February 27, 2008 grievance;

- A September 18, 2008 Arrest warrant for a fugitive issued by the District Court of Maryland for Somerset County against plaintiff, indicating that plaintiff was arrested on September 23, 2008 in Princess Anne, Maryland;

- A December 11, 2008 inmate request by plaintiff that he be moved to another post;

- A December 23, 2008 letter from the State Bar of Michigan responding to plaintiff's correspondence of December 15, 2008 and December 20, 2008;

- A February 12, 2009 letter from Attorney Andrew Rockafellow to plaintiff Re: "08-01230-FY Child Support Failure to Pay" summarizing a meeting between Rockafellow and an assistant Ingham County prosecutor regarding the case against plaintiff and the amount plaintiff was in arrears on his court-ordered child support obligation;

- An April 28, 2009 letter from the Ingham County Circuit Court Friend of the Court regarding the "Petition for In Forma Pauperis" and "Motion for Contempt" plaintiff sought to have processed in *Robinson v. Robinson*, 1995-087502 DM, and the response from the Friend of the Court advising plaintiff's requests could not be processed for the following reasons:

    First, you make reference to modification of your parole-detainer agreement. More specifically, you have requested a "Home Plan" per your parole-detainer agreement with the State of Michigan and the State of Maryland. Any change to a parole-detainer agreement is outside the scope of the Friend of the Court's authority. Additionally, any request for such should be made in your felony docket number, 08-1230-FY.

    Secondly, you ask for court appointed counsel regarding your parole-detainer agreement. Again, the Friend of the Court is without authority to appoint counsel because of your active felony non-support case, which is currently within the authority of the 30th Circuit Court.

As for your *Motion for Contempt* it appears that you are seeking a modification of your current child support. Pursuant to MCL 552.517 the Friend of the Court must conduct a child support review once every 36 months. As such, the appropriate forms are attached for you to complete and return to the Friend of the Court Office.

As to your request for parenting time, it is unclear whether you are asking for a modification or are asserting that the plaintiff has violated a court order by denying you parenting time. A review of your file reveals that the *Judgment of Divorce* required you to be seen by a therapist regarding parenting time. The therapist would then make recommendations. A recommendation was made for you to have supervised parenting time. Given that you are incarcerated, and there is no order for unsupervised parenting time, this issue is not timely filed, and would be more appropriately addressed by way of a motion once you are released.

**Discussion**

**I.     Jurisdiction**

Federal courts are courts of limited jurisdiction and may exercise only those powers authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see United States ex rel. Poteet v. Medtronic, Inc.*, 552 F.3d 503, 510 (6th Cir. 2009). Therefore, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations omitted). The first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also American Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) ("Subject matter jurisdiction is always a threshold question."). Plaintiff has the burden of proving

this court's jurisdiction. *See Giesse v. Secretary of Dep't of Health & Human Servs.*, 522 F.3d 697, 702 (6th Cir. 2008).

For nearly a century and a half, the Supreme Court has held that the federal courts lack jurisdiction over questions of divorce, alimony, or child custody. *See Barber v. Barber*, 62 U.S. (21 How.) 582, 584 (1858). "Even when brought under the guise of a federal question action, a suit whose subject is domestic relations generally will not be entertained in a federal court." *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981). Questions of divorce are within the exclusive province of the state courts. *McLaughlin v. Cotner*, 193 F.3d 410, 412 (6th Cir. 1999). "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the state and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94 (1890); *see Lommen v. McIntyre*, 125 F. App'x 655, 658 (6th Cir. 2005); *Partridge v. Ohio*, 79 F. App'x 844, 845 (6th Cir. 2003) ("Federal courts have no jurisdiction to resolve domestic relations disputes involving child custody or divorce."); *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2004) ("[F]ederal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues."). The Supreme Court has consistently reaffirmed the longstanding doctrine that the federal courts lack power to issue divorce, alimony and child-custody decrees. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703-07 (1992). Consequently, this court is powerless to address questions relating to the appropriate custody or visitation rights regarding plaintiff's children.

Further, the court lacks jurisdiction over plaintiff's claims that he suffered injuries resulting from the decisions made by the Michigan and Maryland courts. This court does not possess direct oversight powers over state courts. *See In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009);

*Raymond v. Moyer*, 501 F.3d 548, 550-51 (6th Cir. 2007). The recourse available to plaintiff in response to adverse trial court decisions was to pursue appeals in Maryland's and Michigan's appellate courts, and if necessary, seek a writ of *certiorari* from the United States Supreme Court. This court lacks jurisdiction to review directly the state-court custody or parental-rights decisions plaintiff is attempting to challenge through this lawsuit. *See District of Columbia Circuit Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *accord Exxon Mobil Corp v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

"Plaintiff, as the party invoking federal subject-matter jurisdiction, has the burden of persuading the court that all the requirements necessary to establish standing to bring this lawsuit have been met." *Courtney v. Smith*, 297 F.3d 455, 459 (6th Cir. 2002) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1997)). It is patent that he "cannot initiate a criminal prosecution." *Abner v. General Motors*, 103 F. App'x 563, 566 (6th Cir. 2004) (quoting *Cok v. Consentino*, 876 F.2d 1, 2 (1st Cir. 1989)). He lacks standing to initiate criminal charges against any defendant. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

**II.     Alternative Grounds for Dismissing Plaintiff's Complaint**

    A.     Habeas Corpus and *Heck* Bar

Plaintiff cannot obtain review of his criminal conviction for failure to pay child support nor his underlying obligation to pay child support under 42 U.S.C. § 1983:

> Federal courts have long recognized the potential for prisoners to evade the habeas exhaustion requirements by challenging the duration of their confinement under 42 U.S.C. § 1983, rather than by filing habeas petitions. Consequently, the Supreme Court recognized a "habeas exception" to § 1983 in *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), when it held that suits challenging the fact or duration of confinement fall within the traditional scope of habeas corpus and accordingly are not cognizable under

§ 1983. The Court expanded the habeas exception to § 1983 in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). In *Heck*, the Court determined that, unless a prisoner's conviction or sentence were previously set aside by a separate legal or administrative action, § 1983 would not countenance claims for damages if a finding for the plaintiff would necessarily invalidate a conviction or sentence.

*Lockett v. Suardini*, 526 F.3d 866, 872 (6th Cir. 2008). Plaintiff's criminal conviction has not been overturned. His claims of damage arising from the fact of his criminal conviction, or any alleged irregularities leading up to it, fail to state a claim on which relief can be granted.

B.  *Younger* Abstention

Plaintiff's request that the federal court's intercede in criminal proceedings against him for his failure to pay child support is barred by *Younger* abstention. "*Younger* abstention is not a question of jurisdiction, but is rather based on 'strong policies counseling against the exercise of such jurisdiction.'" *O'Neill v. Coughlan*, 511 F.3d 638, 641 (6th Cir. 2008) (quoting *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986)). In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that considerations of comity, equity and federalism generally require a federal court to abstain from enjoining pending state criminal prosecutions. Except in extraordinary circumstances federal courts should "permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971); *see Coles v. Granville*, 448 F.3d 853, 866 (6th Cir. 2006). Dismissal of plaintiff's claims related to the criminal prosecutions against him for failure to pay child support is appropriate. *See Coles*, 448 F.3d at 866.

C.       Eleventh Amendment Immunity

Plaintiff's claims against the State of Michigan, Michigan's Governor Granholm, Maryland Secretary of State McDonough, and Maryland State's Attorney Martin, and Delaware Department of Family Services Caseworker Raymond Foster in their official capacities are barred by Eleventh Amendment immunity. Eleventh Amendment immunity is a threshold issue that should be raised and decided by the trial court. *See Nair v. Oakland County Cmty. Mental Health Auth.*, 443 F.3d 469, 474 (6th Cir. 2006); *Rossborough Mfg. Co. v. Trimble*, 301 F.3d 482, 489 (6th Cir. 2002). A suit against a state officer in her official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment generally[4] bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Skinner v. Govorchin*, 463 F.3d 518, 524 (6th Cir. 2006). Michigan, Maryland, and Delaware have not consented to civil rights suits in federal court. *See Clark v. Maryland Dep't of Public Safety & Corr. Servs.*, 316 F. App'x 279, 282 (4th Cir. 2009); *Shahin v. Delaware*, 271 F. App'x 257, 258 (3d Cir. 2008); *Johnson v. Dellatifia*, 357 F.3d

---

[4] The well-recognized exception to the general rule of Eleventh Amendment immunity is an action for prospective, non-monetary relief such as an injunction against a state officer in his or her official capacity based upon a claim that the state officer's action is unconstitutional. *See Ex Parte Young*, 209 U.S. 123 (1908); *see also Edelman v. Jordan*, 415 U.S. 651, 664 (1974). The "entire basis for the doctrine of *Young* and *Edelman* disappears" when "a plaintiff alleges that a state official has violated state law." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). "[B]ecause the purposes of *Ex Parte Young* do not apply to a lawsuit designed to bring a State into compliance with *state law*, the State's constitutional immunity from suit prohibits all state-law claims filed against a State in federal court, whether those claims are monetary or injunctive in nature." *Ernst v. Rising*, 427 F.3d 351, 368 (6th Cir. 2005)(*en banc*).

539, 545 (6th Cir. 2004). Furthermore, States and their departments are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71.

D. Prosecutorial Immunity

Plaintiff's claims against Ingham County Prosecutor Dunnings and Maryland State's Attorney Martin are barred by prosecutorial immunity. Under the doctrine of prosecutorial immunity, prosecutors are immune from damage suits for their decision to initiate or maintain a criminal prosecution. *See Imbler v. Pachtman*, 424 U.S. 909 (1976); *Holloway v. Brush*, 220 F.3d 767, 774-75 (6th Cir. 2000) (*en banc*).

E. Other Fatal Defects

1. Whistleblower Protection Enhancement Bill

The Whistleblower Protection Enhancement Act of 2009 is proposed legislation. It is not a law. It cannot support a claim against any defendant.

2. Section 1983

Plaintiff's purported section 1983 claims against defendants Troutner, Sharon Foster, and Attorney Welch fail for want of a state actor. In order to assert a section 1983 claim, a plaintiff must plead that the deprivation was committed by a state employee or other person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Everson v. Leis*, 556 F.3d 484, 493 (6th Cir. 2009). An attorney does not become a state actor by representing a client. *See Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991). "Attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983." *Hahn v. Star Bank*, 190 F.3d

708, 717 (6th Cir. 1999). Attorneys fulfill a private function in representing their clients and do not act as agents of the state. *See Polk County v. Dodson*, 454 U.S. 312, 321 (1981); *see also Adam v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004). It is well settled that neither a litigant nor an attorney representing a party acts under color of state law merely by bringing or defending a matter before a state court or administrative body. *See Smith v. Hilltop Basic Resources, Inc.*, 99 F. App'x 644, 646 (6th Cir. 2004)(collecting cases).

3. Title VI of the Civil Rights Act of 1964

Title VI of the Civil Rights Act of 1964 states that, "No person in the United States shall, on the ground of race, color or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d; *see Parents Involved in Community Sch. v. Seattle Sch. Dist.*, 551 U.S. 701, 714 n. 5 .5 (2007). Plaintiff has not alleged facts supporting a viable Title VI claim against any defendant.

4. Americans with Disabilities Act and Age Discrimination Act

Plaintiff did not plead any facts supporting a claim under the Americans with Disabilities Act, *see Milholland v. Sumner County Bd. of Educ.*, 569 F.3d 562, 565-66 (6th Cir 2009) or the Age Discrimination in Employment Act, *see Fox v. Eagle Dist. Co.*, 510 F.3d 587, 591-92 (6th Cir. 2007).

5. Section 405 of the Surface Transportation Assistance Act of 1982

In *Robinson v. Michigan*, No. 1:09-cv-133, 2009 WL 1506676 (W.D. Mich. May 26, 2009), the court held that plaintiff did not state a claim under Section 405 of the Surface Transportation Assistance Act of 1982. His complaint here fares no better.

6. Federal Criminal Statutes

The criminal statutes cited by plaintiff do not provide for a private civil cause of action. Defendants are entitled to dismissal of these claims.

7. State Law

Plaintiff cannot bring a civil action in this court based on purported violations of Michigan's court rules occurring in state-court cases. He was required to bring the purported violations to the attention of the trial court judge, and if he was dissatisfied with the judge's ruling, he was required to seek review in the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan statutes listed in plaintiff's complaint do not create any private cause of action. His complaint's references to Michigan's constitution are not connected to the allegations against any defendant. Further, there is no state-law claim for damages against individuals or municipalities based on alleged violations of Michigan's constitution. *See Jones v. Powell*, 612 N.W.2d 423, 426 (Mich. 2000); *Bennett v. Detroit Police Dep't*, 732 N.W.2d 164, 170 n.3 (Mich. Ct. App. 2006).

### III. Three Strikes Under 28 U.S.C. § 1915(g)

Plaintiff's barrage of lawsuits has overwhelmed the court's ability to complete screening one complaint before he files another. When the court enters a judgment, plaintiff simply files another lawsuit without informing the court of the earlier judgment. A temporary injunction is warranted to allow the court to complete the processing of the voluminous materials plaintiff has already filed. The court must determine whether plaintiff's history of litigation abuses limits the types of claims he can bring under the "three strikes" provision of 28 U.S.C. § 1915(g) or warrants further sanctions.

Section 1915(g) states, In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A prisoner subject to this "three strikes" provision "may not seek pauper status in the district court. Instead, he must pay the required filing fee before his action may proceed." *Butler v. United States*, 53 F. App'x 748, 749 (6th Cir. 2002). Requiring payment at the outset has a deterrent effect on the "recreational" component of filing frivolous and malicious *pro se* civil rights lawsuits. *See Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998). The statutory exception for a prisoner under "imminent danger of serious physical injury" is very narrow. *See e.g.*, *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008).

**Recommended Disposition**

For the foregoing reasons, I recommend that the complaint be dismissed under 28 U.S.C. § 1915(e)(2) because it is frivolous, malicious, fails to state a claim upon which relief can be granted, and seeks damages against defendants immune from such relief. I further recommend that plaintiff be required to show cause why dismissal of this complaint should not count as a "strike" under 28 U.S.C. § 1915(g) and why he should not be charged the $350 filing fee. His response to the order should be an affidavit, supported by competent records disclosing whether he was in custody on June 18, 2009, when this case was filed. I further recommend that a temporary injunction be issued prohibiting plaintiff from filing any new lawsuits or amending any of his pending lawsuits to add any of the fifteen defendants named herein as parties. The purpose of the injunction is to allow the court time to process the voluminous materials plaintiff has already filed, for the purpose of ascertaining whether his history of litigation abuses restricts the types of claims plaintiff can bring under the "three strikes" provision of 28 U.S.C. § 1915(g), or warrants further sanctions.


Dated: August 4, 2009             /s/ Joseph G. Scoville
                                  United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir. 1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).