UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
                                    |
MICHAEL R. ROBINSON,                |   Case No. 1:09-cv-564
                                    |
    Plaintiff,                      |   Chief Judge Paul L. Maloney
                                    |
        v.                          |   Magistrate Judge Joseph G. Scoville
                                    |
STATE OF MICHIGAN,                  |
GOVERNOR JENNIFER GRANHOLM,         |
                                    |
SHARON SUSAN FOSTER,                |
AMY WELCH,                          |
RAE LEA TROUTNER,                   |
STUART DUNNINGS, Ingham Cty. Prosecuting Attorney,|
SHAUNA DUNNINGS,                    |
Deputy Administrator of Circuit Court of Ingham County; |
GENE L. WIGGLESWORTH, Sheriff of Ingham County; |
JAMES BESON, Ingham County Police Officer; |
                                    |
JOHN P. MCDONOUGH, Maryland Secretary of State, |
MICHAEL EVANS, Sheriff of Calvert County, Md., |
LAURA L. MARTIN, Maryland State's Attorney, |
KATHY SMITH, Clerk of Calvert County, Md., |
SUSAN CROSBY, Assistant Director,   |
Calvert County Child Support Enforcement, and |
                                    |
RAYMOND FOSTER, Delaware Dep't of Family Servs., |
                                    |
    Defendants.                     |
_____ |

## ORDER
**Overruling Plaintiff's Objections, Adopting the R&R as Modified, and Dismissing the Complaint;**

**Enjoining Plaintiff from Filing Further Cases in this Court until Further Notice;
Enjoining Plaintiff from Amending Complaints in this Case, in Case No. 2009-cv-405-GJQ, or in
Case No. 2009-cv-406-PLM to Add any of the Fifteen Defendants Named Herein as Parties until
Further Notice**

Robinson was extradited from Maryland to Michigan on October 12, 2008. *See* Response of Defendants Dunnings, Wrigglesworth and Beson to Objections to R&R ("Defs' Response"), Ex. 9. On October 20, 2008, he was transported by Prisoner Transport Services ("PTS"), a private company, to the Ingham County Jail, *see id.*, Ex. 10, where he was "booked" and declined a medical interview, *see id.*, Exs . 11 and 12. Robinson was released from the Ingham County Jail on May 1, 2009. *See id.*, Ex. 16 and Ex. 17 (Affidavit of Greg Harless).

Proceeding *pro se*, and no longer incarcerated, in June 2009 Michael Robinson brought this action arising out of a child-custody dispute with his ex-wife Sharon Foster and criminal proceedings against him for alleged failure to comply with court-ordered child-support obligations. Robinson names ex-wife Foster and her counsel, another ex-wife named Rae Troutner, the State of Michigan and its governor, and various law-enforcement, prosecutorial, and child-support personnel employed by Ingham County, Michigan; Calvert County, Maryland, and the State of Maryland; and the State of Delaware. As the Magistrate notes, *see* R&R at 2-3, the complaint is lengthy, replete with photocopies of federal and state statutes and court rules, and not always clear. Nonetheless, the gravamen of Robinson's complaint appears to be that his arrest in Maryland, extradition from Maryland to Michigan, and prosecution in Michigan state court were improper and unlawful.

Robinson has filed numerous actions in this court over the past half year, almost all of them relating to or arising out of this controversy**. In March 2009, while incarcerated at the Ingham County Jail, Robinson filed Civil Action No. 2009-131-PLM, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.** The petition was unclear but appeared to contend that he was improperly and/or illegally arrested, charged, and incarcerated; that he was denied qualified, competent counsel for his defense of the criminal charges; and that he suffered cruel and unusual

punishment in the form of denial of necessary medical treatment. *See Robinson v. State of Michigan et al.*, 2009 WL 1067245, *1 (W.D. Mich. Apr. 17, 2009) (Maloney, C.J.). This court dismissed the habeas petition without prejudice as premature for several reasons. First, federal courts are not supposed to entertain pretrial habeas petitions unless certain narrow exceptions apply, and none of the exceptions applied. *See id.* at *1. Second, Robinson did not allege that he exhausted his state-court remedies, and he could challenge any conviction and sentence by direct appeal to the Michigan Court of Appeals and possibly the Michigan Supreme Court, before coming to federal court. *Id.* at *1. Third, his medical-treatment and cruel-and-unusual-punishment claims were not cognizable on habeas, because habeas corpus is not available to prisoners who are challenging the conditions of their confinement or their treatment during confinement *while they are still confined*; such claims must be raised instead under 42 U.S.C. § 1983. *See id.* at *2. The court declined to issue a certificate of appealability ("COA"). *See id.* at *3.

**Second, on February 17, 2009,** *again while incarcerated at the Ingham County Jail*, **Robinson filed Civil Action No. 2009-133-JTN**, arising out of the same situation as the instant case**.** In May 2009, Judge Neff dismissed the action pursuant to 28 U.S.C. § 1915(e)(2) because two of the defendants (the State of Michigan and the State of Maryland) were protected by sovereign immunity, and Robinson failed to state a claim on which relief could be granted against the other two defendants (ex-wives Rae Troutner and Sharon Foster). *See Robinson v. State of Michigan et al.*, 2009 WL 1506676, *1-2 (W.D. Mich. May 26, 2009) (Janet Neff, J.). Pursuant to 28 U.S.C. § 1915(a)(3), Judge Neff determined that there was no good-faith basis for Robinson to appeal. *See id.* at *3.

**Third, on February 19, 2009,** *again while incarcerated at the Ingham County Jail*,

**Robinson initiated Civil Action No. 2009-143-PLM**, claiming that his former employer wrongfully withheld earned but-unpaid income and failed to pay those earnings, in contempt of child-support orders issued by the Michigan state courts and Maryland state courts. He sought to be relieved of any consequences which those courts might impose for his failure to make payments required by those orders, as well as reimbursement of the allegedly wrongfully withheld wages. *See Robinson v. Wheeling & Lake Erie Ry. Co.*, 2009 WL 1015344, *1 (W.D. Mich. Apr. 15, 2009) (Maloney, C.J.). Robinson also claimed that the employer fired her in retaliation for his cooperation with a federal government investigation into its possible non-compliance with safety standards. *See id.* This court dismissed the claims relating to the enforcement of state child-support orders as barred by the *Rooker-Feldman* doctrine. *See id.* at *2. In April 2009, this court dismissed the claim for reimbursement of allegedly wrongfully-withheld wages because such a claim arose under state law and Robinson had not pled, let alone proved, the amount in controversy required for this court to have *original* diversity jurisdiction; the court in its discretion declined to exercise supplemental jurisdiction over that claim. *See id.* at *2. The court allowed Robinson to proceed, however, on his claim for retaliatory discharge. *See id.* at *3.[1]

**Fourth, on May 4, 2009, Robinson the Clerk of Court filed Case No. 2009-cv-405-GJQ,**

---

[1]

The defendant-employer filed an answer in May 2009, whereupon a Magistrate Judge held a telephonic case management and scheduling conference in June 2009 and issued an amended case management order in July 2009. *See* Case No. 2009-cv-143, Doc. Nos. 14, 23, 24 and 27. On August 14, 2009, the defendant-employer filed a motion for transfer of venue, which was referred to the Magistrate Judge. *See* Case No. 2009-cv-143, Doc. Nos. 30, 32, 33 and 34.

If the case is not transferred to another federal district, a settlement conference is scheduled for October 2009, and final pretrial conference and jury trial are scheduled for June 2010. *See* Case No. 2009-cv-143, Doc. No. 27.

***Robinson v. Wrigglesworth-GQ***, which is assigned to Judge Gordon Quist of this district. (Robinson was released from Ingham County Jail on May 1, 2009, so he was not incarcerated when his complaint in Case No. 1:2009-cv-405 was docketed by the Clerk of Court on May 4, 2009. He *mailed* the complaint in that case, however, and it is apparent that he was incarcerated when he did so. He stated in Case No. 1:2009-cv-405 that he was then a "prisoner" of the State of Michigan.) On June 18, 2009, a Magistrate Judge ordered Robinson to file an amended complaint in proper form and on a specified civil-rights complaint form. On July 17, 2009, Robinson filed an amended complaint, but it was not on the form specified by the order. The amended complaint dropped two defendants: Robert N. Jones and "P.T.S. of Tennessee." There have been no further filings or proceedings in the case.

**Fifth, also on May 4, 2009,** *again while incarcerated at the Ingham County Jail,* **Robinson filed Case No. 2009-cv-406-PLM,** ***Robinson v. Calvert County, Maryland, et al.***, which is assigned to the undersigned judge. (Robinson was released from Ingham County Jail on May 1, 2009, so he was not incarcerated when his complaint in Case No. 1:2009-cv-406 was docketed by the Clerk of Court on May 4, 2009. He *mailed* the complaint in that case, however, and it is apparent that he was incarcerated when he did so. He stated in Case No. 1:2009-cv-406 that he was then a "prisoner" of the State of Michigan.) On May 21, 2009, Robinson filed an amended complaint. On June 22, 2009, a Magistrate Judge denied Robinson's motion to appoint counsel and ordered him to file an amended complaint in proper form and on a specified civil-rights complaint form. On July 10, 2009, Robinson filed a second amended complaint which dropped numerous defendants: State of Maryland; Calvert County, Maryland; Unknown Hughes; State of Michigan; Circuit Court of Ingham County, Michigan; State of Delaware; and Unknown Party. There have been no further

filings or proceedings in the case.

**Sixth, Robinson filed the instant action, Case No. 2009-cv-564-PLM, in June 2009; by that time he was no longer incarcerated.** On August 4, 2009, the Magistrate Judge issued a Report and Recommendation ("R&R") [# 9] recommending that this court dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2) because it is frivolous, malicious, and fails to state a claim on which relief can be granted. *See Robinson v. State of Michigan et al.*, No. 2009-cv-564, 2009 WL 2567171, *10 (W.D. Mich. Aug. 4, 2009).[2] Robinson alleges that two of his ex-wives, defendants Rae Troutner and Sharon Foster, violated a court order entered in the child-custody case between him and Troutner "around June 1995" by the Family Division of the 30th Circuit Court of Ingham County, Michigan. The R&R thoroughly reviews the many documents which Robinson attached to his complaint in the instant case. *See id.*, 2009 WL 2567171 at *4-6. **Plaintiff filed timely objections to the R&R** on Friday, August 14, 2009, and some of the defendants timely filed responses on Friday, September 4, 2009 as permitted and directed by this court.[3] On Monday,

---

[2]

On June 10, 2009, Robinson also filed a *seventh* lawsuit in this court which does not appear to relate to or arise out of this controversy, and it is assigned to Judge Quist. *See Robinson v. Capital Area Transp. Auth. and Sandy Draggoo*, No. 2009-cv-536-GJQ (W.D. Mich.). The complaint seems to assert claims, *inter alia*, under various federal statutes, including Title VII of the Civil Rights Act of 1964, section 504 of the Rehabilitation Act of 1973, the Americans with Disabilities Act, "the Age Discrimination Act of 1975," title 42 U.S.C. § 1983, "the Federal Transit Act", etc.

On June 15, 2009, Magistrate Judge Carmody granted Robinson *in forma pauperis* status but denied his motion for appointment of counsel. *See* Doc. Nos. 6 and 7. The defendants jointly filed an answer on August 3, 2009. *See* Doc. No. 10. Other than an August 25, 2009 change of address by Robinson, there have been no further proceedings or filings in that case.

[3]

On Monday, August 17, 2009, this court ordered the defendants to "file an opposition brief responding in detail to each objection" and "file an affidavit, and supporting records, showing whether plaintiff was incarcerated when his complaint in this case was filed on June 18, 2009." *See*

September 14, 2009, the Magistrate Judge granted Robinson's motion for leave to file a reply brief in support of his objections; the reply brief was filed *instanter* and the court has considered it, but it does not change the outcome. (Much of Robinson's reply brief focuses on two issues where today's opinion rules in his favor: maintaining his IFP status in this case, and *not* counting today's dismissal as a "strike" for purposes of 28 U.S.C. § 1915.)

<u>Common-Law Domestic-Relations Exception to Federal Jurisdiction.</u>

**The Magistrate Judge correctly reasons that federal courts generally lack jurisdiction over questions of domestic relations such as divorce, alimony, child custody, and child support, even when those questions are presented in the guise of a federal question (such as a claim invoking a federal statute or constitutional provision).** *See Robinson*, 2009 WL 2567171 at *7. While the Supreme Court reined in the "domestic relations" exception to federal jurisdiction somewhat in *Ankenbrandt v. Richards*, 504 U.S. 689 (1992), it continues to hold that matters of divorce, alimony and child custody/ support are outside the bounds of federal jurisdiction. *See Marshall v. Marshall*, 547 U.S. 293, 293-95 (syllabus), 298 (1996) (Ginsburg, J., for the entire Court except Stevens, J., who concurred in part and concurred in the judgment in part); *see, e.g., Jacobson v. Summit Cty. Children Servs. Bd.*, 202 F. App'x 88, 89-90 (6th Cir. 2006) (<u>Martin</u>, Cook, D.J. Bertlesman) (district court lacked jurisdiction to entertain woman's claim that daughter was wrongfully detained by not being given a fair hearing at state-court permanent-custody trial) (citing *Lehman v. Lycoming Cty. Children's Servs.*, 458 U.S. 502, 516 (1982) (federal courts lack habeas jurisdiction under 28 U.S.C. § 2254 to review state-court judgments involuntarily terminating

---

*Robinson v. State of Michigan et al.*, No. 2009-cv-564, 2009 WL 2567034, *1 (W.D. Mich. Aug. 17, 2009). The court also directed the Clerk to mail paper copies of the complaint, the docket sheet, the R&R, and the plaintiff's objections, to the defendants. *Id.*

-7-

parental rights)); *US v. MacPhail*, 149 F. App'x 449, 455-56 (6th Cir. 2005) (C.J. Boggs, Rogers, D.J. Shadur) (domestic-relations exception precluded district court's exercise of supplemental jurisdiction over former spouses' cross-claims for indemnification with regard to refund of overpayment of federal taxes, because resolution of cross-claims would require allocation of refund into some combination of separate and marital property under state domestic-relations law) (citing, *inter alia*, *Elk Grove Unified Sch. Dist v. Newdow*, 542 U.S. 1, 12 (2004)).

Robinson's objections do nothing to undermine this conclusion. He addresses this jurisdictional defect only as follows:

> The Plaintiff recognizes and admits the court's assertion of limited jurisdiction that may only be exercised only [sic] as authorized by Constitution and statute. Additionally, the plaintiff understands and admits the burden of proving the court's jurisdiction is solely his. However, subject to further study, there seem to be abundant precedent that jurisdiction, even if limited, is invoked under the provision of 28 U.S.C. §§ 1331 and 1343(a)(4); [title] 42 U.S.C. §§ 1983, 1985, 1896 and 1988; [title] 42 U.S.C. §§ 12131-12134; [title] 29 U.S.C. § 794; and under State tort laws which may apply in this action. Additionally, jurisdiction for pendent claims is reportedly authorized by the Federal Rules of Civil Procedure.
>
> Plaintiff was unaware of court's lack of jurisdiction over questions of family law, including divorce, alimony or child custody. All claims appearing in Plaintiff's original Complaint arising from, or attributed to, matters of divorce, alimony, child custody and/or other matters of family law are stricken [in the proposed amended complaint, which the court has not given Robinson leave to file].

P's Objections at 6-7 ¶¶ 22-23. The court will not grant leave to amend the complaint.

### Certain Claims Barred by *Rooker-Feldman* Doctrine

The Magistrate Judge also correctly reasoned that this court lacks jurisdiction over Robinson's claims that he suffered injuries from the decisions of the Michigan state courts and the

Maryland state courts. As the Magistrate cogently explained,

> This court does not possess direct oversight powers over state courts. *See In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009) . . . . The recourse available to plaintiff in response to adverse trial court decisions was to pursue appeals in Maryland's and Michigan appellate courts, and if necessary, seek a writ of *certiorari* from the United States Supreme Court [after the state Supreme Courts either denied review or affirmed the adverse decision]. This court lacks jurisdiction to review directly the state-court custody or parental-rights decisions [which] plaintiff is attempting to challenge through this lawsuit.

*Robinson*, 2009 WL 2567171 at *7 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) and *D.C. Cir. Ct. of Apps. v. Feldman*, 460 U.S. 462, 483n. 16 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)).

Indeed, Sixth Circuit panels have held that the *Rooker-Feldman* doctrine bars federal-court adjudication of claims where success on those claims would disturb or imply the invalidity of state-court rulings on parental visitation, *Evans v. Yarbrough*, No. 00-3588, 2001 WL 1871701, *2 (6th Cir. Dec. 13, 2000); the termination of parental rights, *Bodell v. McDonald*, No. 00-5679, 2001 WL 137557, *2 (6th Cir. Feb. 7, 2001); or child-support rights and obligations, *Rowe v. City of Detroit*, No. 00-1353, 2000 WL 1679474, *1 (6th Cir. Nov. 2, 2000). *See, e.g., Tribble v. Chuff*, – F. Supp.2d –, 2009 WL 2252594, *1 (E.D. Mich. July 28, 2009) (David Lawson, J.) (*Rooker-Feldman* doctrine barred consideration of ex-husband's counterclaim regarding propriety of future payments from his pension fund in order to satisfy a state-court child-support order); *Henderson v. Baker*, 2008 WL 4104364 (E.D. Mich. Aug. 29, 2008) (Robert Cleland, J.) (*Rooker-Feldman* doctrine barred consideration of 42 U.S.C. § 1983 claim against state-court prosecutor, as consideration would implicate state-court child-support order).

Robinson's objections do not undermine this conclusion. On the contrary, Robinson

concedes the point and merely offers to amend the complaint to delete "[a]ll claims arising from state court exercise of their powers." P's Objections at 7 ¶ 24. But Robinson cannot in good faith claim that he was unaware that such claims were inappropriate and beyond the court's jurisdiction. Before he filed the instant complaint (June 2009), this court had issued an opinion in another one of his cases making the very same point and citing these very cases. *See Robinson v. Wheeling & Lake Erie Ry. Co.*, 2009 WL 1015344, *2 (W.D. Mich. Apr. 15, 2009) (Maloney, C.J.) (dismissing claims regarding imposition and enforcement of state-court child-support orders and compliance with those orders) (citing *Evans*, *Yarbrough* and *McDonald*). The court will not grant Robinson leave to file an amended complaint in order to omit claims, which he well knew he should not have been brought in this court in the first place.

<u>Claims Barred to the Extent that They Seek to Initiate Criminal Prosecution</u>

The Magistrate next correctly determined that Robinson lacks standing and authority to initiate or compel the initiation of criminal proceedings against any of these defendants, and his complaint must be dismissed to the extent that it seeks to do so. *See Robinson*, 2009 WL 2567171 at *7 (citations omitted); *see also Booth v. Henson*, 290 F. App'x 919, 920-21 (6th Cir. 2008) (p.c.) (Gilman, Kethledge, 9th Cir. J. Alarcon) ("'A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'") (quoting *Linda R.S.*, 410 U.S. at 619, and citing *US v. Oguaju*, 76 F. App'x 579 581 (6th Cir. 2003) (holding that district court properly dismissed defendant's claim filed pursuant to 18 U.S.C. §§ 241 and 242 because he had no private right of action under those statutes)). Robinson's objections do not undermine this conclusion. On the contrary, he again merely offers to file an amended complaint which withdraws the offending language. *See* P's Objections at 7 ¶ 25 ("Further, the plaintiff understands he lacks standing to

initiate criminal charges against any defendant and initiation of criminal charges was not Plaintiff's intent. Exhibit A [proposed amended complaint] eliminates all inference and/or unintended misconstruction that that [sic] plaintiff is seeking to initiate criminal prosecution of any form, shape or kind."); *see also* P's Objections at 8 ¶ 36. Such amendment would be futile. It would accomplish nothing more or better than the outcome ordered today: instant dismissal, with prejudice, of the portion of the complaint which suggests that Robinson seeks to initiate or compel the initiation of criminal proceedings.

*Heck v. Humphrey* Bar, *Younger* Abstention, and Eleventh Amendment Immunity

The Magistrate Judge's analysis of the *Heck* and *Younger* issues is correct, *see Robinson*, 2009 WL 2567171 at *8, and Robinson does not attempt to show otherwise. He merely offers to remove the offending claims and language from the proposed amended complaint. *See* P's Objections at 7 ¶¶ 26-28. That does not constitute an objection.

The Magistrate Judge's analysis of the Eleventh Amendment immunity applicable to the State of Michigan, Governor Granholm, the Maryland Secretary of State and State's Attorney, and the Delaware caseworker (in their official capacities) is correct, *see Robinson*, 2009 WL 2567171 at *8, and Robinson does not attempt to show otherwise. He merely offers to remove the offending claims and language from the proposed amended complaint. *See* P's Objections at 7-8 ¶ 29. That does not constitute an objection.

Prosecutorial Immunity

The Magistrate Judge's analysis of the prosecutorial immunity applicable to Ingham County Prosecutor Dunnings and Maryland State Attorney Martin is correct, *see Robinson*, 2009 WL

2567171 at *8-9, and Robinson does not attempt to show otherwise. He merely offers to remove the offending claims from the proposed amended complaint. *See* P's Objections at 8 ¶ 30. That does not constitute an objection.

The remainder of Robinson's purported "objections" do not attempt to show any defect in the Magistrate's legal conclusions or factual findings with regard to whether his claims fail to state a claim on which relief can be granted or otherwise lack merit. The Magistrate Judge correctly notes that there can be no claim based on legislation (The Whistleblower Protection Enhancement Act of 2009) which has not yet been enacted.[4] *See Robinson*, 2009 WL 2567171 at *9. The Magistrate also correctly concludes that Robinson's 42 U.S.C. § 1983 claims against defendants Rae Troutner (ex-wife), Sharon Foster (ex-wife), and attorney Welch fail because they are not even arguably state actors; his Title VI claims fail because he has not alleged facts involving receipt of federal financial assistance; his ADA and ADEA claims fail because he did not allege facts which could support such claims; he does not state a claim under the Surface Transportation Act of 1982; and he cannot bring a civil action in federal court based on purported violations of Michigan court rules in state court. *See id.* at *9-10.

**The R&R also recommends that Robinson be required to show cause why this dismissal**

---

[4]

On March 13, 2009, Representatives Chris Van Hollen (D-Maryland) and Todd Platts (R-Pennsylvania) introduced H.R. 1507. The House Government Oversight and Reform Committee held a hearing on the bill on May 14, 2009.

Senator Daniel Akaka (D-Hawaii) introduced a similar, but not identical bill, of the same name, S. 274, and a hearing was held on June 11, 2009. On July 29, 2009, the Senate Committee on Homeland Security and Government Affairs reported the bill favorably "with an amendment in the nature of a substitute." *See* Library of Congress, http://www.thomas.gov/cgi-bin/thomas, last retrieved Tuesday, September 8, 2009.

**should not count as a "strike" under 28 U.S.C. § 1915(g) and why he should not be charged the $350 filing fee, specifically by producing, if he can, "an affidavit, supported by competent records disclosing whether he was in custody on June 18, 2009," when this case was filed.** *Id.*, 2009 WL 2567171 at *10. The Magistrate reasoned that Robinson did not disclose that he was in custody when he filed the complaint, leading the court into granting him *in forma pauperis* status rather than assessing an initial partial filing fee under 28 U.S.C. § 1915, a statute governing certain litigation by prisoners. *Id.* at *2.

However, the court finds that Robinson was released from Ingham County Jail on May 1, 2009, so that he was <u>not</u> incarcerated when he mailed or delivered the instant complaint to the Clerk's Office in June 2009. The court will not disturb the Magistrate's grant of IFP status to Robinson in this case (nor will the court ask the Magistrate to revisit that issue). Finally, the court finds that dismissal of the instant action cannot count as a "strike" under 28 U.S.C. § 1915.

**The R&R further recommends that the court temporarily enjoin Robinson from filing any new actions and from amending the complaint in his existing actions to add any of these defendants as parties.** The hiatus would afford the court time to process the voluminous materials already filed in his various lawsuits and decide whether his history of litigation abuse warrants a three-strikes restriction on the types of claims he can assert and possibly impose additional sanctions. *Id.*, 2009 WL 2567171 at *10. The court will accept this recommendation in light of Robinson's numerous largely-duplicative and arguably vexatious filings in this court in 2009. Robinson's objections do nothing to undermine this conclusion.

**ORDER**

The plaintiff's objections [document # 10] are **OVERRULED** except with regard to (1) his correct statement that he was not incarcerated when he filed the instant complaint in June 2009 and (2) his request that he be allowed to retain IFP status in this case.

**The R & R [document # 9] is ADOPTED as MODIFIED:**

The complaint is **DISMISSED** for the reasons stated in the R&R.

Until further notice, plaintiff is enjoined from filing any complaints in this court.

Until further notice, plaintiff is enjoined from amending, or seeking to amend, the complaints pending in this case or in Case Nos. 2009-cv-405-GJQ and 2009-cv-406-PLM to add any of the fifteen defendants named herein as parties.

Robinson's IFP status remains in force. He need not show cause why this should be so.

This is a final order, but it is appealable only to the extent that plaintiff filed timely, specific objections purporting to identify a defect in the R&R's reasoning.

**IT IS SO ORDERED** on this 16th day of September 2009.

/s/ Paul L. Maloney
Hon. Paul L. Maloney
Chief United States District Judge